**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL HARPER,<br><br>                Plaintiff,<br><br>    v.<br><br>UNITED AIRLINES,<br><br>                Defendant. | Civil Action No. 23-22329 (ZNQ) (JBD)<br><br>**OPINION** |

**QURAISHI, District Judge**

      **THIS MATTER** comes before the Court upon a Motion to Dismiss ("Motion", ECF No. 8) filed by Defendant United Airlines ("Defendant"). Defendant filed a brief in support of its Motion. ("Moving Br.", ECF No. 8-1.) Pro se Plaintiff Daniel Harper ("Plaintiff") filed an Opposition. ("Opp'n Br.", ECF No. 12.) Defendant filed a Reply. ("Reply Br.", ECF No. 19.)[1]

      The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT Defendant's Motion.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

      This case involves a dispute between Plaintiff and his employee welfare benefit plan, the United Airline Consolidated Welfare Benefit Plan (the "Plan"). On October 5, 2023, Plaintiff filed

---

[1] Plaintiff's deadline to file any opposition to the Motion was January 9, 2024. (ECF No. 8.) Plaintiff, however, filed his Opposition over five months later on June 20, 2024. (ECF No. 12.) Despite Plaintiff's significant delay in filing his Opposition, the Court indicated that it would consider his submission, and permitted Defendant to respond to the Opposition; Defendant filed its Reply on July 3, 2024. (ECF No. 19.) Accordingly, the Court considers both the Opposition and Reply for the purposes of this Motion.

1

a Complaint in the Superior Court of New Jersey, Law Division, Special Civil Part, Middlesex County. (*See* Notice of Removal, Ex. A, "Compl.", ECF No. 1-1 at 4.) The Complaint consists of a single paragraph written on the Superior Court's Civil Action Complaint form. (*See id.*) In the Complaint, Plaintiff alleges that Defendant "refused to cancel [his] insurance as of February 2023 claiming [he] had a child support order" even though Plaintiff submitted court documents showing that the Superior Court terminated his child support order ("Termination Order"). (*Id.*) Defendant denied Plaintiff's request and he appealed the denial to a benefits panel. (*Id.*) The benefits panel allegedly told Plaintiff that he "must wait [until] the enrollment period" and that Plaintiff "should have cancelled [his coverage] when [he] gained coverage elsewhere in February 2023." (*Id.*) Plaintiff alleges that "[p]ayroll [is] still deducting monthly" for his benefits and he seeks $15,000 in damages from Defendant. (*Id.*)

Defendant removed the matter to this Court on November 13, 2023. (ECF No. 1.) Plaintiff filed a motion to remand the case back to the Superior Court (ECF No. 5), but the Court issued a decision on June 25, 2024, denying Plaintiff's motion to remand. (*See* "Remand Decision", ECF No. 16.) In the Remand Decision, the Court found that it had subject matter jurisdiction over the parties' dispute because Plaintiff's Complaint alleges claims relating to the Plan which is governed by ERISA, the Employee Retirement Income Security Act. (Remand Decision at 2.) Accordingly, Plaintiff's claims are preempted by ERISA and jurisdiction in this Court is proper. (*Id.*) On December 18, 2023, Defendant filed the instant Motion to dismiss Plaintiff's Complaint under Rule 12(b)(6). (ECF No. 8.)

II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

2

what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed me. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

Districts courts are required to construe complaints filed by pro se plaintiffs liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010). "[T]here are limits to [district courts'] procedural flexibility" and "pro se litigants still must allege sufficient facts in their complaints to

3

support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

### III.  DISCUSSION[2]

Before raising its arguments for dismissal, Defendant first interprets Plaintiff's claims given the Complaint is less than clear. Defendant's position is that the sole legal basis for Plaintiff's relief is under ERISA's civil enforcement mechanism, 29 U.S.C. § 1132. (Moving Br. at 5.) And to the extent Plaintiff intended on asserting any non-ERISA claims, Defendant argues that such claims are nevertheless preempted under ERISA. (*Id.* at 6 (citing 29 U.S.C. § 1144; *Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004); *Menkes v. Prudential*, 762 F.3d 285 (3d Cir. 2014))). Plaintiff summarily argues that his claim is "not a claim regarding medical benefits being denied," but he fails to otherwise explain what exactly the claim is. (Opp'n Br. ¶ 4.) Though it appears that Plaintiff has an issue with the process he underwent to cancel his benefits (*id.* ¶¶ 2–7), Defendant reiterates that "it is irrelevant that Plaintiff does not seek medical benefits" because he "is still seeking relief for [Defendant's] alleged failure to allow him to terminate coverage under the Plan." (Reply Br. at 3.)

On this point, the Court agrees with Defendant. A review of Plaintiff's single-paragraph Complaint reveals that Plaintiff "does not assert a legal basis for his claims." (Moving Br. at 6.)

---

[2] As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985)). Thus, "courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 222 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426.) Here, along with its Motion, Defendant filed a "Declaration of Victoria Vitarelli in Support of Defendant's Motion to Dismiss" ("Decl.", ECF No. 8-2), attaching five documents relating to the allegations in the Complaint. (*See* Decl. Exs. 1–5, ECF Nos. 8-3–8-7). Exhibits 1–5 are all administrative claim documents that directly illustrate Plaintiff's claim to cancel benefits, the claim denial letter, Plaintiff's appeal letter, and Plaintiff's successful appeal. (*Id.*) Further, Plaintiff explicitly references his attempt to cancel his benefits, Defendant's denial, and Plaintiff's subsequent appeal in the Complaint. (*See* Compl. at 4.) Plaintiff also does not object to the inclusion of Exhibits 1–5, and he even relies and cites to them in his Opposition. (*See generally* Opp'n Br.) Accordingly, because Exhibits 1–5 form the basis of Plaintiff's claim, the Court will consider Exhibits 1–5 without converting the instant Motion to a Motion for Summary Judgment.

4

However, like Defendant, the Court construes the allegations in the Complaint as all stemming from Defendant's denial of Plaintiff's request to terminate coverage under the ERISA-governed Plan. Accordingly, because the Court finds that Plaintiff is seeking relief under the Plan, the Complaint asserts claims arising under ERISA, specifically § 1132(a)(1)(B).

Next, the crux of Defendant's Motion is that Plaintiff cannot plausibly plead that he is entitled to any relief under ERISA given that he "has already received the principal relief that his Complaint seeks – namely cancellation of coverage for his dependent effective February 1, 2023 and a refund on the premiums paid for that coverage." (Moving Br. at 9.) Defendant explains that at the time Plaintiff filed the Complaint on October 5, 2023, his appeal was pending before the benefits panel. (*Id.* at 3 (citing Decl. Ex. 3)). However, on October 25, 2023, Plaintiff's appeal was granted and the Plan "canceled his coverage effective February 1, 2023, and directed a refund of the premiums that had previously been deducted." (*Id.* (citing Decl. Ex. 5)). As such, Defendant contends that Plaintiff has received the relief sought and that he is not entitled to further relief. (Reply Br. at 4.)

Even Plaintiff admits that "after a filing a case in court, [Defendant] approved [his] appeal dated 10/25/23." (Opp'n Br. ¶ 9.) Here, the Court agrees with Defendant that Plaintiff has received relief in the form of Defendant granting Plaintiff's appeal and that Defendant directed a refund of the previously deducted premiums. Plaintiff acknowledges that his appeal was granted, and he does not raise any issue in his Opposition relating to the refund of his premiums.

However, a few questions remain regarding Plaintiff's claims. First, Plaintiff seeks $15,000 in damages but does not explain, in either the Complaint or his Opposition, what the $15,000 damages amount relates to. (Compl. at 4.) Second, Plaintiff argues that his "family continues to suffer and incur damages due to the actions of" Defendant and attaches a bill he

5

received on June 5, 2024 ("June 2024 Bill"), for services rendered in October 2023 to support his position. (Opp'n Br. ¶ 11.) Finally, Plaintiff argues that Defendant granted his appeal only after Plaintiff filed the Complaint because Defendant "could not explain their negligence or blatant disregard of the court order." (*Id.* ¶ 9.) Defendant refutes these arguments and firmly contends that Plaintiff is not entitled to any further relief. (Reply Br. at 4–5.) Notably, Plaintiff raises many of these facts for the first time in his Opposition, but because they are absent from the Complaint, "these new facts can have no place in the Court's 12(b)(6) analysis." *Marino v. Westfield Bd. Of Educ.*, 2017 WL 216691, at * 7 (D.N.J. Jan. 18, 2017) (citing *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)). Therefore, the Court will not consider the June 2024 Bill or Plaintiff's conclusory and unsubstantiated assertions that Defendant was negligent in evaluating the sufficiency of Plaintiff's claims. As such, the Complaint only alleges that Plaintiff seeks $15,000 and that "[p]ayroll [is] still deducting monthly." (Compl. at 4.) It is unclear to the Court whether the damages relate to any unpaid premiums stemming from his coverage under the Plan or whether they relate to any non-preempted ERISA claims that Plaintiff did not plead. Accordingly, the Court finds that Plaintiff has not successfully pled a claim for relief under § 1132(a)(1)(B).

## IV.     CONCLUSION

For the reasons stated above, the Court will GRANT Defendant's Motion (ECF No. 8). The Complaint will be dismissed without prejudice. Plaintiff will be given an opportunity to file an Amended Complaint to address the defects identified in this Opinion within 30 days. An appropriate Order will follow.

Date: **July 11, 2024**

ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE