<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DANIEL HARPER**,<br><br>                        Plaintiff,<br><br>                        v.<br><br>**UNITED AIRLINES**,<br><br>                        Defendant. | Civil Action No. 23-22329 (ZNQ) (JBD)<br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

      **THIS MATTER** comes before the Court upon Defendant United Airlines' ("Defendant") Motion to Dismiss ("Motion", ECF No. 27) pro se Plaintiff Daniel Harper's ("Plaintiff") First Amended Complaint. Defendant filed a brief in support of its Motion. ("Moving Br.", ECF No. 27-1.) Plaintiff filed a brief in opposition ("Opp'n Br.", ECF No. 28) to which Defendant replied ("Reply Br.", ECF No. 19).

      The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT Defendant's Motion.

**I.       BACKGROUND AND PROCEDURAL HISTORY**

      The Court set forth the factual and procedural background in its prior opinion, *Harper v. United Airlines*, Civ No. 23-22329, 2024 WL 3371404 (D.N.J. July 11, 2024). Briefly, this case involves a dispute between Plaintiff and his employee benefit plan, the United Airline Consolidated Welfare Benefit Plan (the "Plan"). On October 5, 2023, Plaintiff filed a Complaint

1

in the Superior Court of New Jersey, Middlesex County, in which he alleged that Defendant refused to disenroll Plaintiff from insurance coverage under the Plan as of February 2023 and that "[p]ayroll is still deducting monthly" for his benefits and sought $15,000 in damages. (*See* Notice of Removal, Ex. A, "Compl.", ECF No. 1-1 at 4.)

On November 13, 2023, Defendant removed the matter to this Court. (ECF No. 1.) On June 25, 2024, the Court denied Plaintiff's motion to remand the matter to the Superior Court, reasoning that it had subject matter jurisdiction over the parties' dispute because Plaintiff's Complaint alleged claims relating to the Plan which is governed by the Employee Retirement Income Security Act ("ERISA"). (*See* "Remand Decision", ECF No. 16.)

On December 18, 2023, Defendant filed its first motion to dismiss Plaintiff's Complaint under Rule 12(b)(6). (ECF No. 8.) On July 11, 2024, the Court granted Defendant's motion and dismissed Plaintiff's Complaint without prejudice. First, the Court determined that the allegations in the Complaint stemmed from Defendant's denial of Plaintiff's request to terminate coverage under an ERISA-governed plan and thus his claims arose under ERISA and specifically §1132(a)(1)(B). *Harper*, 2024 WL 3371404, at *3. Moreover, the Court found that Plaintiff had received relief in that Defendant directed a refund of the previously deducted premiums.[1] (*Id.*)

The Court ultimately concluded that Plaintiff had not successfully pled a claim for relief under § 1132(a)(1)(B) because it was "unclear to the Court whether the damages relate to any unpaid premiums stemming from his coverage under the Plan or whether they relate to non-

---

[1] Plaintiff sought an appeal of the denial of his request to cancel benefits to an internal benefits panel. *Harper*, 2024 WL 3371404, at *1. The benefits panel allegedly told Plaintiff that he "must wait [until] the enrollment period" and that Plaintiff "should have cancelled [his coverage] when [he] gained coverage elsewhere in February 2023." *Id.* The benefits panel then granted Plaintiff's appeal, canceled his coverage effective February 1, 2023, and directed a refund of the premiums that had previously been deducted. *Id.* at *3.

preempted ERISA claims that Plaintiff did not plead." *Id.*  The Court accordingly dismissed the Complaint and provided Plaintiff thirty days to file an amended complaint to address the defects identified. *Id.*  On July 30, 2024, Plaintiff filed a First Amended Complaint ("FAC") and is seeking $16,726 in damages.  (ECF No. 23.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6).  *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).  Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed me. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).  A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663).  On a Rule 12(b)(6) motion, the "defendant bears the burden of showing

that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

Districts courts are required to construe complaints filed by pro se plaintiffs liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010). "[T]here are limits to [district courts'] procedural flexibility" and "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

### III.  DISCUSSION

In its earlier opinion, the Court ordered Plaintiff to specify the bases for his damages. *See Harper*, 2024 WL 3371404, at *3. In the FAC, Plaintiff explains that his alleged damages stem from the hours spent "attempting to rectify the problem defendant caused." (FAC at 1.) The FAC essentially itemizes the hours Plaintiff spent on both the administrative claims process under the Plan and the instant action and calculates that approximately 146 hours equals $14,600. The FAC further explains that an additional $2,126 is for physical therapy services obtained in October 2023. The Court will thus examine the FAC to determine whether Plaintiff has now sufficiently pled a claim for relief.

In its Motion, Defendant argues that Plaintiff again fails to assert a legal basis for his claims and contends that Plaintiff's only avenue of relief is under § 1132(a)(1)(B), ERISA's civil enforcement mechanism. (Moving Br. at 6.) Defendant further argues that the FAC "clarifies that the vast majority of the relief [Plaintiff] seeks ($14,600 out of a total of $16,726) is for costs and fees . . . incurred during the administrative process" but that fees and costs are not recoverable

4

under ERISA. (*Id.* at 9.) Defendant thus contends that Plaintiff's attempt to recover the value of his time fails. Lastly, Defendant argues that Plaintiff's claim for damages related to unpaid physical therapy services must be dismissed because Plaintiff did not exhaust administrative remedies and the claim is barred. (*Id*. at 14.)

Plaintiff argues in opposition that his allegations do not amount to a "claim" under the Plan but does not provide the Court with an alternative basis for relief. (Opp'n Br. at 2.) Plaintiff also argues that Defendant is liable for the unpaid physical therapy services rendered in October 2023 because he was still under the Plan at that time and was unable to receive coverage under his new insurance. (*Id.*)

As it did in its prior opinion, the Court construes as arising under ERISA Plaintiff's claim for relief based on Defendant's alleged failure to allow Plaintiff to terminate coverage under the Plan. *See Harper*, 2024 WL 3371404, at *3 ("[T]he Court construes the allegations in the Complaint as all stemming from Defendant's denial of Plaintiff's request to terminate coverage under the ERISA-governed Plan."). Relevant here, "ERISA allows a prevailing party to recover 'a reasonable attorney's fees and costs of action.'" *Hahnemann Univ. Hos. v. Allshore, Inc.*, 514 F.3d 300, 310 (3d Cir. 2008) (citing 29 U.S.C. § 1132(g)(1)). Importantly, other fees incurred during the pre-litigation administrative process, however, are unavailable under 29 U.S.C. § 1132(g)(1). *See id.* at 313; *Hewel v. Long Term Disability Income Plan for Choices Eligible Employees,* Civ. No. 09-5343, 2010 WL 2710582, at *2 (explaining that the "plaintiff should be awarded attorney's fees for work performed on this lawsuit from its inception, but plaintiff is not entitled to fees incurred for pursuing her administrative claim and appeal." (citing *Hahnemann*, 414 F.3d at 313)). Accordingly, Plaintiff here is not entitled to fees for the 124 hours attributed in

5

the FAC to the time Plaintiff allegedly spent on the phone seeking to cancel coverage during the internal administrative process under the Plan.

Plaintiff separately attributes 22 hours to "legal fees and hours on case." (FAC at 3.) The Court interprets this to mean hours spent on the instant case as opposed to hours spent on the internal administrative action under the Plan including the administrative appeals process. The Court finds that Plaintiff may not recover attorney's fees under ERISA, however, because such fees are not available to *pro se* litigants. *See Boyadjian v. CIGNA Cos*, 973 F. Supp. 500, 504 (D.N.J. 1997) (explaining that because § 1132(g)(1) contemplates that "fees may be awarded when a litigant retained [an] attorney and incurs legal fees," the plaintiff "may not recover attorneys' fees" because he is "a *pro se* litigant").

Therefore, the only remaining damages amount is $2,126 for physical therapy services. The FAC alleges that Plaintiff's "family continues to suffer and incur damages," due to Defendant's actions, and points to a June 5, 2024, bill for physical therapy services rendered in October 2023. (FAC at 5, Ex. 1). Plaintiff alleges that he had other insurance that should have been active since February 2023 and that the October 2023 retroactive cancellation of his benefits under the Plan to February 2023 prevented certain providers from billing his other insurance. (*Id.* at 3-4, 7). Plaintiff thus seeks $2,126, which is the total account balance on the bottom of the June 5, 2024 bill for physical therapy that he supplies as an exhibit to the FAC. (*Id.* at 3 & Ex. 1). Defendant argues that the Plan provides an initial administrative claims process for claims relating to eligibility and enrollment, as well as a right to appeal, and does not allow participants to file suit until after they have exhausted their claim and appeals rights. (Moving Br. at 13-14.) Defendant contends that the FAC is devoid of facts showing exhaustion as to Plaintiff's claim for coverage of the physical therapy services. (*Id.* at 14.) Defendant additionally argues that Plaintiff is not

entitled to coverage for these services under the Plan because the Plan coverage was terminated on October 25, 2023, and the bill shows that Plaintiff's last service was six days earlier, giving the provider time to bill the proper insurance once notified by Plaintiff. (*Id.* at 15.) Lastly, Defendant argues that the bill only seeks payment of the patient balance after insurance which is for $692. (*Id.*)

As to the coverage for physical therapy services, the Court agrees with Defendant and finds that Plaintiff has failed to plead that he exhausted his administrative remedies or allege the futility of doing so. ERISA provides that a beneficiary may bring a civil action in federal court to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of his plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B). However, the Third Circuit has long held that "[e]xcept in limited circumstances . . . a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002) (citation omitted).

Accordingly, the Court concludes that Plaintiff has failed to plead a claim for relief under § 1132(g) and the Court will therefore GRANT Defendant's Motion and dismiss the FAC.

## IV.  CONCLUSION

For the reasons stated above, the Court will GRANT Defendant's Motion (ECF No. 27.) The Complaint will be dismissed with prejudice. An appropriate Order will follow.

Date: March 6, 2025

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
